Corrected Opinion Filed 8/26/24 by Clerk of the Supreme Court

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2024 ND 119

Lucinda Ward, Michael Ward, Adrian Ward,

Michael Ward as trustee of Nichole Phillips

nee Ward Trust, Elizabeth Martin nee Ward,

Arthur Ward, all in their individual capacity

and d/b/a Ward Farms and Daniel Phillips

and Robert Wade Martin, spouses of Nichole

Phillips and Elizabeth Martin, respectively,

inchoate marital interests,                                          Plaintiffs and Appellees

      v.

Dan and Lindsey Herbel,                                        Defendants and Appellants

No. 20230140

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice, in which Justices Crothers and Bahr joined. Justice Tufte filed an opinion concurring in part and dissenting in part, in which Justice McEvers joined.

Robert W. Martin, Minot, ND, for plaintiffs and appellees Lucinda Ward, Michael Ward, Adrian Ward, Michael Ward as trustee of Nichole Phillips nee Ward Trust, Elizabeth Martin nee Ward, Arthur Ward, all in their individual capacity and d/b/a Ward Farms and Daniel Phillips and Robert Wade Martin, spouses of Nichole Phillips and Elizabeth Martin, respectively, inchoate marital interests; submitted on brief.

Dan L. Herbel, Bismarck, ND, for defendants and appellants; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Dan and Lindsey Herbel appeal from a judgment of dismissal in a quiet title action initiated by the Ward family. We conclude the district court erred as a matter of law when it determined direct litigation against the Herbels was permitted under chapter 32-17, N.D.C.C. We affirm the judgment of dismissal, reverse in part, and remand to determine if the claim was frivolous and, if it was, to determine the amount of attorney's fees.

I

[¶2]   The Ward family own extensive acreage in Bismarck, North Dakota, and initiated this action against 152 adjacent landowners to quiet title and determine adverse claims to property located in the Burnt Creek, Hay Creek, Richmond, and Lien townships. While no claims were made against the defendants personally, the Ward family prayed that the defendants be required to set forth any adverse claims to the property; that the defendants be decreed to have no estate or interest in, or lien or encumbrance upon, said property; and that the Ward family's title be quieted.

[¶3]   The Herbels moved to dismiss the action arguing they were not proper defendants under chapter 32-17, N.D.C.C., because neither the Ward family nor the Herbels claimed an adverse interest against the other's property. The Herbels contend that because neither party claimed an adverse interest against the other party's property, there was no basis to sue them directly under chapter 32-17. The Herbels also sought a recovery of attorney's fees. The Ward family has never asserted in this action that there is an express or implied adverse interest between the parties. The district court denied the motion despite finding the Ward family was not aware if any of the named defendants were claiming title to any of the property. Following a bench trial, the court granted the judicial remedy of quiet title and a judgment dismissing the Herbels' action was entered. This appeal followed.

II

[¶4]   The Herbels argue that because neither party made an adverse claim against the other's property, the Ward family lacked standing to sue under section 32-17-01, N.D.C.C. Our standards for interpreting a statute are well-established:

Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of the statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. If, however, the statute is ambiguous or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, a court may resort to extrinsic aids, such as legislative history, to interpret the statute. A statute is ambiguous if it [is] susceptible to meanings that are different, but rational. We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted.

*Riemers v. Jaeger*, 2018 ND 192, ¶ 11, 916 N.W.2d 113 (quoting *State v. Meador*, 2010 ND 139, ¶ 11, 785 N.W.2d 886).

[¶5]   Section 32-17-01, N.D.C.C., unambiguously states as follows:

*An action may be maintained* by any person having an estate or an interest in, or lien or encumbrance upon, real property, whether in or out of possession thereof and whether such property is vacant or unoccupied, *against any person claiming an estate or interest in, or lien or encumbrance upon, the same,* for the purpose of determining such adverse estate, interest, lien, or encumbrance.

(Emphasis added.)

[¶6]   The plain language of N.D.C.C. § 32-17-01 requires the existence of an adverse claim. "The existence of a justiciable controversy between parties having adverse legal interests is essential to present a question for judicial determination[.]" *State v. Rosenquist*, 51 N.W.2d 767, 787 (N.D. 1952).

[¶7]   The parties' properties do not share a fence line or a common boundary without any intervening land. A well-traveled roadway separates the properties. The Herbels never appeared of record to claim an interest in the Ward family's real property, and never asserted an adverse interest in the Ward family's property. The Ward family has never asserted there is an adverse interest between the parties, either express or implied. The district court found, and the Ward family has not appealed, that the Ward family was unaware of any adverse claims. Despite the lack of an adverse claim, the Herbels were sued and joined as defendants. We conclude a direct suit against the Herbels is not authorized

2

by N.D.C.C. § 32-17-01. In the absence of an alleged adverse interest in the property, there is no statutory basis to initiate a direct action.

[¶8]    The exclusion of a direct action against a person is consistent with the remainder of chapter 32-17. Section 32-17-06, N.D.C.C., allows plaintiffs to join unknown defendants who may have claims to the subject property. Section 32-17-07 outlines the proper procedure and provides as follows:

> Service of the summons in an action may be had upon all unknown persons defendant by publication in the manner provided by law for service by publication upon defendants whose residence is unknown, but as to such unknown persons defendant the affidavit for publication shall be required to state in substance the following facts: That the interests of such unknown persons defendant in the land described in the complaint are not shown of record in the office of the recorder, the clerk of the district court, or the county auditor of the county in which such land lies, and the affiant does not know and is unable to ascertain the names, residences, or post-office addresses of any of the persons who are proceeded against as unknown persons defendant. The affidavit or complaint shall show further that the relief sought in the action consists wholly or partly in excluding the defendants from any interest in or lien upon specific real property in this state, and where jurisdiction is sought to be obtained against unknown persons under the provisions of this section, the summons shall state where the complaint is or will be filed, and there shall be subjoined to the summons as published a notice signed by the plaintiff's attorney containing a description of the land to which such action relates. Unknown corporations and limited liability companies claiming interests are included within the word "persons" as used in this chapter.

[¶9]    The legislature anticipated the need to extend quiet title actions against unknown claimants by allowing the publication of an appropriate notice. It was improper to directly sue the Herbels and name them personally as defendants absent an alleged adverse claim, interest, lien, or encumbrance upon the Ward family's property. Therefore, it was improper to initiate an action directly against the Herbels.

[¶10] The district court misinterpreted and misapplied the law when it determined the Ward family had standing to directly sue the Herbels.

[¶11]   The Herbels argue the district court abused its discretion when it denied their request for attorney's fees. This Court has stated:

> The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes . . . but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice."

*Estate of Pedro v. Scheeler*, 2014 ND 237, ¶ 14, 856 N.W.2d 775 (quoting *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 58 (N.D. 1994)).

[¶12]   The Herbels requested attorney's fees under N.D.C.C. § 28-26-01(2), which provides:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim. This subsection does not require the award of costs or fees against an attorney or party advancing a claim unwarranted under existing law, if it is supported by a good-faith argument for an extension, modification, or reversal of the existing law.

The district court has discretion to determine whether a claim is frivolous and to determine the reasonable amount of an award of attorney's fees. *Tillich v. Bruce*, 2017 ND 21, ¶ 7, 889 N.W.2d 899. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Id.*

[¶13]   The plain language of N.D.C.C. § 28-26-01(2) "requires courts in civil actions to award costs and fees, including attorney's fees, upon finding a claim for relief was frivolous, providing the prevailing party pled the alleged frivolousness of the claim." *Strand v. Cass Cnty.*, 2008 ND 149, ¶ 11, 753 N.W.2d 872. In the Herbels' motion to dismiss, they alleged the Ward family's claims were frivolous and sought attorney's fees.

The Herbels' request for attorney's fees was denied, at least in part, following the erroneous determination the Ward family had standing to directly initiate litigation against the Herbels despite the district court's finding the parties did not have any adverse interests.

[¶14]   Our prior caselaw suggests the Herbels are precluded from a recovery of attorney's fees because Dan Herbel is an attorney. The Herbels argue that nothing in the plain language of section 28-26-01 precludes imposition of a sanction for filing a frivolous lawsuit in the form of an award of fees in favor of a self-represented defendant who is also an attorney.

[¶15]   This Court has previously held that a self-represented litigant who is also an attorney is not entitled to attorney's fees. *Shark v. Northern States Power Co.*, 477 N.W.2d 251, 256 (N.D. 1991). Acknowledging this, the Herbels invited us to review *McCarthy v. Taylor*, 2019 IL 123622, ¶ 20, 155 N.E.3d 359.

[¶16]   The *McCarthy* court analyzed whether a court may impose sanctions in the form of attorney's fees against a plaintiff to compensate an attorney defending himself against a frivolous cause of action. 2019 IL 123622, ¶ 17, 155 N.E.3d 359. Analyzing Illinois Supreme Court Rule 137(a), the court concluded:

> The plain language of Rule 137 authorizes a court to impose sanctions against a party or counsel for filing a motion or pleading that is not well grounded in fact; that is not supported by existing law or lacks a good-faith basis for the modification, reversal, or extension of the law; or that is interposed for any improper purpose.

*McCarthy*, at ¶ 19. "It is settled that '[t]he purpose of Rule 137 is to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions.'" *Id.* (quoting *Sundance Homes, Inc. v. Cnty. of DuPage*, 746 N.E.2d 254, 271 (Ill. 2001)).

[¶17]   The *McCarthy* court allowed attorney's fees for a self-represented attorney because the "defendant did not initiate or otherwise invite the frivolous pleadings. Nevertheless, defendant was forced to defend against the frivolous claims filed by plaintiff . . . . [I]t would be illogical to deny attorney fees to [self-represented] attorneys defending themselves in such matters." 2019 IL 123622, ¶ 28, 155 N.E.3d 359.

[¶18]   Other courts addressing this issue have similarly held that a self-represented attorney defendant may be awarded attorney's fees as part of a sanction for efforts in defending against a frivolous complaint. *See Burke v. Elkin*, 51 N.E.3d 1287, 1288-89 (Ind.

5

Ct. App. 2016) (holding that, "[d]espite the American Rule . . . a party to a civil action may recover attorney fees incurred defending against a frivolous action or an action litigated in bad faith" and recognizing that Indiana had adopted the majority rule permitting an attorney representing himself to recover an award of attorney's fees for time and effort spent defending against a frivolous lawsuit); *Stiles v. Kearney*, 277 P.3d 9 (Wash Ct. App. 2012), review denied, 287 P.3d 11 (Wash Ct. App. 2012) (self-represented defendant who is an attorney can receive attorney's fees for his effort in defending against complaint as part of sanction imposed against plaintiff for violation of rule in filing lawsuit); *Keaty v. Raspanti*, 2003-1080, p. 8 (La. App. 4 Cir. 2/4/04), 866 So.2d 1045, 1051-52 ("To hold that an attorney who must defend himself or herself cannot recover reasonable attorney's fees, including his or her own lost time and expenses in defending himself or herself [against frivolous litigation], would frustrate the purpose of the statute [to deter frivolous litigation] and possibly reward those who persist in maintaining litigation such as that found in this case."); *Friedman v. Backman*, 453 So.2d 938 (Fla. Dist. Ct. App. 1984) (self-represented defendant lawyer is entitled to attorney's fees under statute allowing sanctions against plaintiff for filing frivolous pleadings). We find these cases persuasive.

[¶19]  The purpose of N.D.C.C. § 28-26-01 is to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions. To hold that an attorney cannot recover reasonable attorney's fees in defending himself against frivolous litigation would frustrate the purpose of N.D.C.C. § 28-26-01 and unfairly reward those who persist in maintaining frivolous litigation. We adopt the Illinois rule and allow self-represented attorneys to seek attorney's fees in defending against frivolous matters. To the extent this Court's prior decisions are inconsistent with this opinion, they are overruled.

[¶20]  Because the district court misapplied the law and because we conclude the Ward family's claims directly against the Herbels were outside the scope of N.D.C.C. § 32-17-01, we remand this case to determine if the claim was frivolous and, if it was, to determine attorney's fees.

IV

[¶21]  In light of the district court's finding the parties did not have any express or implied adverse claims to the property, the court erred as a matter of law when it determined the Ward family had standing to sue the Herbels under chapter 32-17, N.D.C.C. We affirm the judgment dismissing the claims against the Herbels, and remand for a determination of whether the claim was frivolous and, if it was, to determine attorney's fees.

6

[¶22]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Douglas A. Bahr

**Tufte, Justice, concurring in part and dissenting in part.**

[¶23]   I respectfully disagree with the interpretation of chapter 32-17 set out in section II of the majority opinion. The majority opinion interprets this chapter by accepting the Herbels' invitation to interpret N.D.C.C. § 32-17-06 as including known owners of adjacent property within the meaning of the statutory term "unknown persons." Consistent with our precedent, I would not interpret "unknown persons" as including known persons having record interest in adjacent property but having unknown claims to the property at issue in a quiet title action. Because I would affirm the district court's judgment concluding the Ward family had a statutory basis to name the Herbels as defendants, I would not remand to reconsider whether a self-represented attorney should be entitled to reasonable attorney's fees for defending himself against a frivolous claim.

[¶24]   The majority concludes the Ward family lacks a statutory basis for suit because there is no adverse claim and thus the claim against the Herbels is not "against any person claiming an estate or interest" under N.D.C.C. § 32-17-01. Majority, at ¶ 7.

[¶25]   The majority would require an adverse claim be asserted by a named defendant to avoid dismissal: "The Herbels never appeared of record to claim an interest in the Ward family's real property, and never asserted an adverse interest in the Ward family's property." Majority, at ¶ 7. The majority ultimately concludes that title may be quieted as to an unasserted or unknown claim held by a known owner of adjacent property only through service by publication under N.D.C.C. § 32-17-07. Majority, at ¶ 9. I am not convinced that the plaintiff in a quiet title action could satisfy section 32-17-07, which requires the affidavit for publication to state "the affiant does not know and is unable to ascertain the names, residences, or post-office addresses of any of the persons who are proceeded against as unknown persons defendant." The clear implication is that a person may be bound as an unknown defendant only if the plaintiff cannot ascertain that person's name and address.

[¶26]   Section 32-17-01, N.D.C.C., must be read together with N.D.C.C. § 32-17-05, which divides into three groups those persons who may be joined as defendants in a quiet title action: (1) "all persons appearing of record to have estates or interests in ... the

7

property"; (2) "all persons in possession"; and (3) "All other persons unknown claiming any estate or interest." A claim "against any person claiming an estate or interest" under section 32-17-01 must be placed within one of the three groups identified in section 32-17-05. The Ward family does not allege the Herbels are in possession of any portion of their property. The record does not disclose that the Herbels appear in the record of title to the Ward family property. We have held that a person is not an "unknown person" if the person appears in the land records as having an interest in an adjacent property. *Woodland v. Woodland*, 147 N.W.2d 590, 596-97 (N.D. 1966). A record owner of an adjacent property may not be bound by a quiet title judgment to which the owner was served only by publication as an unknown person. *Id.*

[¶27]  In *Woodland*, the plaintiff sued to quiet title to the southwest quarter of section 12. *Id.* at 594. The defendants counterclaimed, asking that title to lots 6, 7, and 8 (in the northwest quarter of section 12) "including accretions thereto" be quieted in them. *Id.* The triangular parcel shown in a diagram included in the opinion and described by the Court as the "main issue" was within the southwest quarter. *Id.* at 595. Both parties claimed this parcel as a result of erosion and accretion. *Id.* Defendants also claimed this parcel as part of lots 7 and 8 as originally surveyed. *Id.* The plaintiff's claim relied in part on a quiet title judgment entered several years earlier in a different case entitled *Woodland v. Hurst*. "The judgment in that action quiets the title to the said Southwest Quarter of Section 12 in the plaintiff." *Id.* at 596. The summons in *Hurst* described only property in the southeast quarter of section 12 "and all accretions." *Id.* at 596. In *Hurst*, "it was agreed that the Southwest Quadrant of Section 12 accreted to Lots 3 and 4 of Section 12, and that therefore the action should be construed to include this quadrant which was described as the Southwest Quarter of Section 12." *Id.* at 596. Neither the defendants nor their predecessor in interest had been named as defendants in *Hurst*. *Id.* The plaintiff in *Woodland* asserted res judicata against the defendants on the basis of service by publication on them or their predecessor as unknown defendants in *Hurst*. Because the "interests of [defendants' predecessor] were shown of record in the office of the register of deeds," the judgment in *Hurst* was not res judicata as to the *Woodland* defendants. *Id.* at 597.

[¶28]  It is apparent that the interests of the defendants that were "shown of record" were not in the chain of title for the southwest quarter of section 12. Their record interest was limited to the property immediately to the north in the northwest quarter. To the extent the defendants had a claim to property in the southwest quarter, it was by accretion resulting from a shifting river channel not shown in the record of title. The holding of *Woodland*

8

relevant to the question we decide today is whether the record owner of an adjacent parcel who may or may not have a claim to property along the boundary may be bound by a quiet title judgment if served only by publication as an unknown defendant. *Woodland* says that record owner may not be served as an unknown defendant. The majority today says that a known person who has asserted no claims may not be personally served but must be served by publication. The majority thus silently overrules *Woodland v. Woodland* and requires only service by publication, with the practical effect of increasing the likelihood of foreclosing unknown claims by known persons without those persons receiving actual notice and an opportunity to assert their claims.

[¶29] Our decisions resolving questions of who is a proper defendant and how each defendant must be served provide further guidance. We have repeatedly explained that if a defendant has even a "possible claim or interest," that defendant should be made a party and not served by publication as an "unknown person." *See, e.g., Gerrity Bakken, LLC v. Oasis Petroleum,* 2018 ND 180, ¶ 18, 915 N.W.2d 677 (citing several cases). The majority's requirement of an actual claim asserted by a defendant in a quiet title action may call these cases into question as well.

[¶30]  I would affirm the district court judgment.

[¶31]  Lisa Fair McEvers
      Jerod E. Tufte